UNITED STATES DISTRICT COURT, NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| KATHY RUSH | : | |
| 34975 NORTHVIEW CIRCLE | : | |
| NORTH RIDGEVILLE, OHIO 44039 | : | CASE NO. |
| | : | |
| PLAINTIFF, | : | JUDGE |
| | : | |
| v. | : | MAGISTRATE JUDGE |
| | : | |
| | : | **JURY DEMAND ENDORSED** |
| | : | **HEREON** |
| -AND- | : | |
| | : | |
| | : | **COMPLAINT** |
| OHIO DEPARTMENT OF YOUTH SERVICES | : | |
| 4545 FISHER ROAD, SUITE D | : | |
| COLUMBUS, OHIO 43228 | : | |

## PARTIES

Kathy Rush, hereinafter "Plaintiff", complaining of Ohio Department of Youth Services hereinafter "Defendant", alleges as follows:

1. Plaintiff is an individual citizen of the State of Ohio, City of North Ridgeville, Lorain County.

2. Defendant is a Department of the State of Ohio with a location at Indian River Juvenile Correctional Facility, 2775 Indian River Road, S.W., Massillon, Ohio, Stark County.

## JURISDICTION AND VENUE

3. Jurisdiction is based upon 28 USC Section 1331 because the action arises under the laws of the United States, upon 42 USC §12111, *et. seq.* (hereinafter "Americans with Disabilities Act") and 29 U.S.C. SEC. 791, *et. seq.*, the Rehabilitation Act, providing relief from discrimination in employment on the basis of disability.

4. Venue lies in the Southern District of Ohio pursuant to 28 U.S.C. Section 1391 based upon the illegal acts of Defendant which occurred in the County of Stark, State of Ohio.

5. Plaintiff has complied with the administrative prerequisites by filing a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC").

6. On December 4, 2019, the EEOC mailed a Notice of Right to Sue to the Plaintiff, attached hereto as Exhibit A.

## INTRODUCTORY ALLEGATIONS

7. The allegations of the prior paragraphs are incorporated as if fully set forth below.

8. Plaintiff was hired with Defendant in October 2014 as a Special Education Teacher. She transferred to become a Title One Reading Teaching assisting low income children with their reading skills. She has worked in this position since March 2015. At all times pertinent thereto, she was a licensed Title One Reading Teacher with a Reading K-12 certification.

9. Plaintiff suffers from medical conditions including anxiety and post-traumatic stress disorder ("PTSD").

10. In 2008, the Plaintiff was diagnosed with anxiety and PTSD after being physically attacked by a student.

11. On December 1, 2016, the Plaintiff was attacked by another student causing a flare up of her PTSD. On March 27, 2017, Defendant issued Plaintiff a notice of separation hearing due to the PTSD episode.

12. On or about January 19, 2017, Plaintiff requested a reasonable accommodation(s) to address her medical condition(s). Defendant refused to engage in interactive communications regarding the accommodation request. Defendant denied the request for accommodation(s) and offered no reason for doing such.

13. On or about April 4, 2017, Defendant informed Plaintiff that she could only work with no accommodation(s). No reasons for this decision were communicated to the Plaintiff. On May 5, 2017, Defendant ordered Plaintiff to attend an Independent Medical Examination. No reasons for this order were given to the Plaintiff and after she completed the examination, she was not told of the results.

14. On or about June 1, 2017, Plaintiff filed a charge of disability discrimination with the EEOC. Thereafter, Defendant engaged in numerous retaliatory actions. Some of the actions include, but are not limited to the following:

   a. On August 14, 2017, Defendant permitted Plaintiff to return to work. However, Defendant changed her job functions to that of a Career Lab Technician and was directed to clean the lab and repair computers—functions outside of her usual job position.

   b. In September 2017, Plaintiff's position was reassigned to another teacher who lacked the licensure requirements.

   c. On or about October 13, 2017, security staff would not intervene and remove youth who were engaging in physically threatening and lewd behavior toward the Plaintiff.

   d. On or about October 16, 2017, the Plaintiff's reports of assaults and youth behavioral conduct violations were not processed. Thus, the youth were not being held accountable for actions they took against the Plaintiff further endangering her and exposing her to another physical attack.

   e. On or about October 17, 2017 and November 1, 2017, Defendant's Operations Manager verbally belittled the Plaintiff in front of a Supervisor calling her a "pussy" and a "little bitch" and that he was going to have her job.

   f. In November 2017, Plaintiff was permitted to return to the position of Title One Reading Teacher.  However, that same month, Defendant again ordered Plaintiff to take a fitness for duty examination.  She was provided no reasons for the examination and after she took it, she received no results.

15.    In September 2018, due to the discrimination, failures to accommodate, retaliation and other misconduct, Plaintiff was compelled to resign her employment.

## FIRST CLAIM FOR RELIEF
## DISABILITY DISCRIMINATION - AMERICANS WITH DISABILITIES ACT

16.    The allegations of the prior paragraphs are incorporated as if fully set forth below.

17.    Plaintiff is a qualified disabled person within the meaning of the Americans With Disabilities Act.

18.    Plaintiff is employed was a Title One Reading Teacher with Defendant and has been and is qualified to perform her job duties with a reasonable accommodation(s).

3

19. Plaintiff is substantially limited in performing major life activities.

20. Plaintiff is disabled and/or has a record of a disability.

21. Plaintiff requested reasonable accommodation(s) regarding her disability. Defendant refused to engage in an interactive process with Plaintiff regarding her request(s) for reasonable accommodation(s).

22. Defendant failed to reasonably accommodate Plaintiff because of her disability. At the time of the denial(s), Plaintiff was physically and mentally able to perform her duties with a reasonable accommodation(s).

23. Defendant denied Plaintiff terms, conditions and privileges of employment on the basis of her disability.

24. Defendant's intentional, willful, and wanton denial of terms, conditions and privileges of employment and/or denial of a reasonable accommodation was discriminatory and violates the Americans With Disabilities Act.

25. Defendant acted with malice and ill will toward Plaintiff without regard for her legal rights in denying her terms, conditions and privileges of employment and/or denying her a reasonable accommodation because of her disability.

26. As a direct and proximate result of Defendant's conduct as set forth above, Plaintiff has suffered loss of compensation, loss of fringe benefits, loss of the opportunity to be able to continue the gainful employment in which she has been engaged previously, loss of future earnings, future earning capacity, loss of reputation, humiliation, embarrassment, loss of self-esteem, other emotional distress, adverse health, and loss of time and money endeavoring to protect herself from Defendant's unlawful discrimination, including costs, expert's fees and attorney's fees.

## SECOND CLAIM FOR RELIEF: DISABILITY DISCRIMINATION, REGARDED AS DISABLED - AMERICANS WITH DISABILITIES ACT

27. The allegations of the prior paragraphs are incorporated as if fully set forth below.

28. Plaintiff was employed as a Teacher with Defendant and was and is qualified to perform her job duties.

29. Plaintiff has been regarded by Defendant as being disabled.

30. Defendant denied Plaintiff terms, conditions and privileges of employment on the basis of her disability.

31. Defendant's intentional, willful, and wanton denial of terms, conditions and privileges of employment was discriminatory and violates the Americans With Disabilities Act.

32. Defendant acted with malice and ill will toward Plaintiff without regard for her legal rights in denying her terms, conditions and privileges of employment.

33. As a direct and proximate result of Defendant's conduct as set forth above, Plaintiff has suffered loss of compensation, loss of fringe benefits, loss of the opportunity to be able to continue the gainful employment in which she has been engaged previously, loss of future earnings, future earning capacity, loss of reputation, humiliation, embarrassment, loss of self-esteem, other emotional distress, adverse health, and loss of time and money endeavoring to protect herself from Defendant's unlawful discrimination, including costs, expert's fees and attorney's fees.

## THIRD CLAIM FOR RELIEF:
## RETALIATION - AMERICANS WITH DISABILITIES ACT

34. The allegations of the prior paragraphs are incorporated as if fully set forth below.

35. Plaintiff complained internally of failures to accommodate and discrimination and also filed a charge with the Equal Employment Opportunity Commission (EEOC).

36. Plaintiff's actions were protected activity under the Americans with Disabilities Act.

37. Defendant took retaliatory action against Plaintiff for engaging in protected activity in violation of the Americans with Disability Act.

38. Defendant's discrimination against Plaintiff was intentional, deliberate or reckless and without regard of her legal rights.

39. Defendant's discrimination against Plaintiff was willful, malicious, spiteful and with ill will and with a reckless disregard for her legal rights.

40. As a direct and proximate result of Defendant's conduct as set forth above, Plaintiff has suffered loss of compensation, loss of fringe benefits, loss of the opportunity

to be able to continue the gainful employment in which she has been engaged previously, loss of future earnings, future earning capacity, loss of reputation, humiliation, embarrassment, loss of self-esteem, other emotional distress, adverse health, and loss of time and money endeavoring to protect herself from Defendant's unlawful discrimination, including costs, expert's fees and attorney's fees.

## **FOURTH CLAIM FOR RELIEF:**
## **HOSTILE WORK ENVIRONMENT - AMERICANS WITH DISABILITIES ACT**

41. The allegations of the prior paragraphs are incorporated as if fully set forth below.

42. During the course of Plaintiff's employment with Defendant, employees, supervisors and/or managers continuously engaged in conduct and made statements disparaging to Plaintiff based on her disability. The conduct and statements were hostile, offensive, and intimidating. The terms and/or conditions of Plaintiff's employment were altered as a result.

43. During the course of Plaintiff's employment with Defendant, employees, supervisors and/or managers regarded Plaintiff as disabled and thereby continuously engaged in conduct and made statements disparaging to Plaintiff based on her perceived disability. The conduct and statements were hostile, offensive, and intimidating. The terms and/or conditions of Plaintiff's employment were altered as a result.

44. At various times Plaintiff informed managerial agents of Defendant of the conduct and statements.

45. Defendant failed to take prompt, effective remedial action.

46. Defendant's response or lack thereof to Plaintiff's complaints was a violation of the Americans with Disabilities Act.

47. Defendant's discrimination against Plaintiff was intentional, deliberate or reckless and without regard for her legal rights in violation of the Americans with Disabilities Act.

48 Defendant's discrimination against Plaintiff was with malice and/or with reckless indifference of her rights and safety.

49. As a direct and proximate result of Defendant's conduct as set forth above, Plaintiff has suffered loss of compensation, loss of fringe benefits, loss of the opportunity to be able to continue the gainful employment in which she has been engaged previously, loss of future earnings, future earning capacity, loss of reputation, humiliation, embarrassment, loss of self-esteem, other emotional distress, adverse health, and loss

of time and money endeavoring to protect herself from Defendant's unlawful discrimination, including costs, expert's fees and attorney's fees.

## FIFTH CLAIM FOR RELIEF:
## DISABILITY DISCRIMINATION – REHABILITATION ACT, 29 U.S.C. SEC. 791, *ET. SEQ.*

50. The allegations of the prior paragraphs are incorporated as if fully set forth below.

51. Defendant participates in the Title One Reading Program and receives funding from the federal government to implement it.

52. Plaintiff has been and is qualified to perform her job duties.

53. Plaintiff was substantially limited in performing major life activities and/or Defendant regarded Plaintiff as disabled.

54. Plaintiff is disabled and/or has a record of a disability and/or has been regarded by Defendant as being disabled.

55. Defendant denied Plaintiff terms, conditions and privileges of employment on the basis of her disability and/or because Defendant believed she was disabled. Defendant engaged in disparate treatment of Plaintiff because of her disability and/or because Defendant believed she was disabled.

56. Defendant failed to reasonably accommodate Plaintiff because of her disability and/or because Defendant believed she was disabled. At the time of the denial(s), Plaintiff was physically and mentally able to perform her duties with or without a reasonable accommodation(s).

57. Defendant's intentional, willful, and wanton denial of terms, conditions and privileges of employment and/or denial of a reasonable accommodation(s) was discriminatory and violates the Rehabilitation Act.

58. Defendant acted with malice and ill will toward Plaintiff without regard for her legal rights in denying her terms, conditions and privileges of employment and/or denying her a reasonable accommodation(s) because of her disability.

59. As a direct and proximate result of Defendant's conduct as set forth above, Plaintiff has suffered loss of compensation, loss of fringe benefits, loss of the opportunity to be able to continue the gainful employment in which she has been engaged previously, loss of future earnings, future earning capacity, loss of reputation, humiliation, embarrassment, loss of self-esteem, other emotional distress, adverse health, and loss of time and money endeavoring to protect herself from Defendant's unlawful discrimination, including costs, expert's fees and attorney's fees.

**WHEREFORE**, Plaintiff prays as to Defendant as follows:

(a) That this Court award such equitable relief as is proper as compensation for the loss of opportunity to engage in gainful employment, including relief in the form of front pay and benefits or reinstatement;

(b) That this Court award Plaintiff compensation for her adverse health effects, for the loss of her opportunity to engage in gainful employment, and future earnings, lost earning capacity and for humiliation, embarrassment, loss of reputation, loss of self-esteem, adverse health and for emotional distress;

(c) That this Court award Plaintiff all lost wages and benefits;

(d) That this Court award Plaintiff punitive damages;

(e) That this Court award Plaintiff reasonable attorney's fees, expert fees, expenses and the costs of this action;

(f) That this Court award Plaintiff liquidated damages;

(g) That this Court award Plaintiff interest and prejudgment interest; and

(h) That this Court grant Plaintiff such other and further relief as may be just and equitable.

Respectfully Submitted,

/s/Rayl L. Stepter
Rayl L. Stepter (0047505)
Stepter Law Office
5650 Blazer Parkway
Dublin, Ohio 43017
(614) 468-4100
(614) 468-4101 (Fax)
Trial Attorney for Plaintiff

Plaintiff demands trial by jury.

/s/Rayl L. Stepter
Rayl L. Stepter (0047505)
Trial Attorney for Plaintiff